**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52284**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 3, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LANCE LYLE BROWN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis VanderVelde, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of seven and one-half years, for sexual battery of a minor child sixteen or seventeen years of age, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Lance Lyle Brown pled guilty to sexual battery of a minor child sixteen or seventeen years of age. I.C. § 18-1508A(1)(a). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Brown to a unified term of twenty years, with a minimum period of confinement of seven and one-half years. Brown filed an I.C.R. 35 motion, which the district court denied. Brown appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Brown's judgment of conviction and sentence are affirmed.